SANDERS, Chief Justice.
Defendant, represented by appointed counsel, was convicted of committing aggravated battery, a violation of LSA-R.S. 14:34. He was subsequently charged as a double offender and sentenced to serve twenty years in the custody of the Director of the Department of Corrections. On appeal, defendant relies upon a single specification of error for reversal of his sentencing as a multiple offender.
Defendant alleges that during the hearing in the multiple offender proceeding, the State failed to affirmatively show that the defendant, Louis Brashears, was in fact a multiple offender. He alleges that neither the court nor his attorney informed *331 him of his constitutional rights before he pleaded guilty in the prior proceeding.
To refute this allegation, we note from the record that defendant in the prior proceeding was represented by retained counsel ; that he signed a plea of guilty form in which he declared that he understood he was waiving his right to trial and to appeal; and, though he did not remember what the trial judge said, he remembered the j udge talking to him in open court.
On the basis of the evidence presented, we find no error in the trial court’s ruling that the defendant’s guilty plea was freely and voluntarily entered and that the defendant is a multiple offender.
For the reasons assigned, the sentence as a multiple offender is affirmed.
DIXON, concurs.
CALOGERO, J., concurs. There is no merit to defendant’s single assignment of errors.